# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| STEVEN W. CLARK, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 6:18-cv-01820-RDP |
| } | |
| WINSTON TRANS, INC., et al., } | |
| } | |
| Defendants. } | |
| } | |
| | |
| ELAM LANG, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 6:18-cv-01837-RDP |
| } | |
| WINSTON TRANS, INC., et al., } | |
| } | |
| Defendants. } | |
| } | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss or, in the Alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (Doc. # 8).[1] For the convenience of the parties and witnesses, Defendants request that the court either dismiss these cases without prejudice or transfer them to the United States District for the Eastern District of Oklahoma. (*Id.*). The Motion has been fully briefed (Docs. # 9, 12, 17, 18) and is ripe for review. After careful review, and for the reasons explained below, the court concludes that the Eastern District

---

[1] In its January 4, 2019 Order, the court held that Defendants would not be required to file an additional Motion to Transfer in *Lang*. Instead, the court's ruling on Defendants' Motion to Transfer Venue filed in *Clark* (Doc. # 8) shall apply equally to both cases.

1

of Oklahoma is a more appropriate and convenient forum for these cases. Accordingly, Defendants' Motion to Transfer (Doc. # 8) is due to be granted.

**I.     Background**

Two separate lawsuits have been filed which arise out of a collision that occurred on January 9, 2018 at 4:30 a.m. near Muskogee, Oklahoma (Doc. # 12 at 2). (*Clark v. Winston Trans Inc., et al.*, 6:18-cv-1820-RDP; *Lang v. Winston Trans Inc., et al.*, 6:18-cv-1837-RDP). These cases each allege that Defendant Clyde Savage, an Alabama resident, was driving a loaded 18-wheeler tractor trailer rig owned by Defendant Winston Trans, Inc., an Alabama corporation. (*Clark*, Doc. # 1 at ¶ 6). While Defendant Savage attempted to turn left onto Highway 16, Plaintiffs Clark and Lang, both residents of Oklahoma, drove their cars into the driver's side of Defendant Savage's trailer. (*Id*. at ¶¶ 8, 11; *Lang*, Doc. # 1 at ¶¶ 9, 11). Plaintiffs allege they suffered significant personal injuries as a result of the collision, particularly Plaintiff Lang who claims she sustained permanent neurological damage. (*Id*. at ¶ 14; *Id*. at ¶ 13).

Plaintiffs have filed suit against Defendants asserting claims for negligence/wantonness, negligence and/or wantonness *per se*, and negligent/wanton hiring, training and supervision. (*Id*. at ¶¶ 15-28; *Id*. at ¶¶ 14-26). Plaintiffs have also alleged loss of consortium and property damage. (*Lang*, *Id*. at ¶¶ 27-32).

On November 11, 2018, Defendants' filed the subject Motion to Dismiss, or in the Alternative, Motion to Transfer Venue. (Doc. # 8). They argue that the Eastern District of Oklahoma would be a more convenient forum for the parties and witnesses. (Doc. # 8). In support of their Motion, Defendants point to the following:

1. After the collision, the Oklahoma Highway Patrol reported to the scene and conducted an audio-recorded statement of Defendant Savage. (Doc. # 12 at 4).

2. Two other Oklahoma residents also drove into Defendant Savage's rig—Kaili Brock and Michael Rivera. (*Id*.). Brock has filed suit against Defendants in the District Court of Muskogee County, Oklahoma. (*Id*. at 5).

3. Plaintiffs were treated by several Oklahoma medical providers, including St. John Medical Center, WH Hastings Hospital, Ortho & Trauma Service of Oklahoma, and The Orthopaedic Center. (*Id*. at 4).

4. The parties have retained experts residing in Oklahoma. (*Id*. at 5).

The court granted Defendants' Unopposed Motion to Consolidate the *Clark* and *Lang* cases for pretrial purposes only. (Doc. # 21). As a result and by agreement of the parties, the court's ruling on the pending Motion (Doc. #8) applies equally to both cases and Defendant need not file a similar motion in the *Lang* case.

**II.     Analysis**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) is "merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430 (2007)). Consistent with this precedent, the court agrees that, if this Motion is granted, transfer rather than dismissal is the preferred remedy here.

District courts have broad discretion in deciding whether to transfer a case. *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1307 (N.D. Ala. 2003). However, the burden rests on the party invoking transfer to overcome the presumption in favor of the plaintiff's choice of forum. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (noting that a plaintiff's choice of forum is traditionally given considerable deference). In deciding whether Section 1404(a) transfer is appropriate, the court considers whether (1) there is an adequate alternative forum, (2) the public and private factors weigh in favor of transfer and (3) the plaintiff could pursue the suit in the alternative forum without undue inconvenience or prejudice. *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir.2001).

Plaintiffs concede, and the court agrees, that the Eastern District of Oklahoma would be an adequate forum that would not cause undue inconvenience or prejudice to the parties. (Doc. # 17 at 5). Thus, the only factors at issue are whether application of the private and public interests tip the balance in favor of transfer. After careful consideration, the court concludes that Defendants have met their burden to show that Oklahoma is a more convenient forum to litigate these cases.

**A. Private Interest Factors**

In analyzing whether a case should be transferred to an adequate alternative forum, a court should first consider the following private interest factors: "the relative ease of access to sources of proof, access to unwilling and unwilling witnesses, ability to compel testimony, the possibility of view of premises, and the enforceability of a judgment." *Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264, 1269-70 (11th Cir. 2009); *see also Carter v. Rudinplay, Inc.*, 2018 WL 2107608, at *7 (S.D. Ala. May 7, 2018). These factors are not exhaustive, and a

district court should be flexible in applying them. *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1381-82 (11th Cir. 2009).

Here, each of these factors weighs heavily in favor of transfer to the Eastern District of Oklahoma. Again, the collision at issue in both cases occurred in Oklahoma and is alleged to have caused severe injuries to four Oklahoma residents. All sources of proof and witnesses that would support Plaintiffs' claims for negligent/wanton operation of a vehicle are located in Oklahoma. All law enforcement officers that responded to the scene and all medical providers that treated (and continue to treat) Plaintiffs are located in Oklahoma. The willing cooperation of these non-parties to appear at either a deposition or at trial is much more likely if this case is litigated in Oklahoma. Although two of Plaintiffs' experts are located in Alabama, including the conspicuity expert and the expert that inspected Defendant Savage's vehicle, Plaintiffs have acknowledged that examination of non-party witnesses could be conducted via phone or video. Also, Plaintiffs and Defendants have already retained Oklahoma representation, thus easing the transition between forums. Consequently, an analysis of the private interest factors points unerringly toward transfer to the Eastern District of Oklahoma.

Plaintiffs' primary argument against transfer is that their claims for negligent hiring, training, and supervision necessarily implicate potential decisions and/or omissions that occurred at Defendant Winston Trans Inc.'s place of business in Alabama. (Doc. # 17 at 6-7). However, as Plaintiffs acknowledged with respect to non-party witnesses, Defendant's corporate representative could just as easily be deposed via phone or video. Further, even if the parties elect to depose the corporate representative in Alabama, that witness is under control of one of the parties and, in any event, the burden of deposing one out-of-forum witness cannot (and should) not overshadow the burden and expense of making multiple trips to Oklahoma to depose

5

other witnesses (including those discussed above). To be sure, the purpose of Section 1404(a) is to facilitate the convenience of the majority of the parties and witnesses. Oklahoma is the ideal forum for achieving that goal.

### B. Public Interest Factors

If after analyzing the private interests a court finds that the balance of factors is "in equipoise or near equipoise," the court should then turn to the public interest factors to determine whether transfer is warranted. *King*, 562 F.3d at 1381. Although the court finds that the private interest factors alone justify transfer of these cases, for completeness the court will examine the public interest factors. In doing so, it again concludes that they tip the balance further in favor of transfer to Oklahoma. The public interest factors a court should consider include:

> (1) the administrative difficulties stemming from court congestion; (2) the interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems of conflict of laws, or the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

Kolawole v. Sellers, 863 F.3d 1361, 1372 (11th Cir. 2017) (citing *Piper Aircraft Co. v. Reyno*, 545 U.S. 235, 241 n. 6 (1981)).

First, the court does not believe that two cases involving a tractor trailer collision would significantly burden the Eastern District of Oklahoma's court docket. Furthermore, an Oklahoma court certainly has an interest in deciding a case arising from an incident occurring within its own borders. Second, Oklahoma jurors have a similar interest in ensuring all drivers, both foreign and domestic, abide by the applicable rules of travel.

With regard to the remaining factors concerning the application of law, Alabama courts follow the conflict rule of *lex loci delicti*, meaning that the trial court will apply the law of the state where the injury occurred. *Norris v. Taylor*, 460 So. 2d 151, 152 (Ala. 1984). So, this court

would apply Oklahoma law to Plaintiffs' claims for negligent/wanton operation of a vehicle. While the parties are correct to note that this court is certainly able to apply another state's law, it goes without saying that an Oklahoma court is best situated to apply Oklahoma law. The parties have some disagreement about which state's law governs Plaintiffs' claims for negligent hiring, training, and supervision. However, the court declines to resolve that disagreement. First, that argument is not properly before the court at this time. Second, regardless of the answer to that question, the combined weight of the private and public interests favors transfer of these cases to the Eastern District of Oklahoma.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Transfer Venue (Doc. # 8) is granted. These cases are transferred to the United States District for the Eastern District of Oklahoma.

**DONE** and **ORDERED** this January 10, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE